STREET v. JACOBS' ESTATE.

LIMITATION OF ACTIONS—REVIVING DEBT EVIDENCED BY OUTLAWED
NOTE.

   In an action against the estate of a deceased debtor on
an outlawed note, letters of the debtor to the creditor
acknowledging indebtedness and promising to make every
effort to pay, *held*, sufficient to revive the debt evidenced
by the note sued on, under 3 Comp. Laws 1915, § 12331,
in the absence of evidence of any other indebtedness to
which the letters might have referred.

   Error to Berrien; White (Charles E.), J.   Sub-
mitted April 21, 1927.   (Docket No. 165.)   Decided
June 24, 1927.

   Norman A. Street presented a claim against the es-
tate of Henry W. Jacobs, deceased, for the amount of
a promissory note.   The claim was allowed by the
commissioners, and defendant appealed to the circuit
court.   Judgment for defendant on a directed verdict.
Plaintiff brings error.   Reversed.

   *A. P. Cady*, for appellant.

   *John J. Sterling*, for appellee.

   McDONALD, J.   The plaintiff filed a claim against
the estate of Henry W. Jacobs, deceased.   It was evi-
denced by a promissory note for $1,500 of date De-
cember 31, 1913, payable in 90 days, with interest at
6 per cent. per annum after maturity.   The commis-
sioners allowed the claim in the sum of $2,268.75.
The estate appealed to the circuit court and the cause
came on for trial before the court and jury on May
6, 1926.   At the close of the proofs both parties moved

   Limitation of Actions, 37 C. J. § 571; 17 R. C. L. 905, 6 R. C.
L. Supp. 1038.

for a directed verdict. The defendant's motion was based on the claim that the action was barred by the statute of limitations because no interest or principal had ever been paid on the note, and no acknowledgment or promise of the maker, in writing, had been made sufficient to remove it from the effect of the statute, as required by section 12331, 3 Comp. Laws 1915. The court granted the defendant's request and entered a judgment in its favor. The plaintiff has brought error.

It is conceded that recovery on the note in question is barred by the statute of limitations unless the maker made an acknowledgment or new promise in writing that he would pay it.

Section 12331, 3 Comp. Laws 1915, provides:

"In actions founded upon contract express or implied, no acknowledgment or promise shall be evidence of a continuing contract, whereby to take the case out of the provisions of this chapter, or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing, signed by the party to be charged thereby."

The plaintiff claims that the requirements of this statute were met by acknowledgment and promise in letters to the plaintiff, written and signed by Mr. Jacobs. In support of this contention three letters were received in evidence. A relevant quotation from one dated October 4, 1922, reads as follows:

"Relative to your note I took the matter up with George Heidman and showed him your letter as you suggested. George didn't seem disposed to favor the plan. I asked him to write you in the matter."

In a letter to the plaintiff dated May 5, 1922, he said:

"Rest assured that I will try to get as much stock released as I can and will make every effort to pay you. * * * I have a scheme by which I will endeavor to raise some money on my Carbide stock that

is held in escrow. I am going to New York tonight and see what can be done."

On June 13, 1924, he wrote:

"I have had a search made for a record of a copy of the note. Even so, with my financial difficulties I would not be able at present to do anything, even to the extent of $50 a month, as when I got the release of the stock from the Carbide Company I was called upon to extend my escrowship for another three years. * * * Let me hear from you, and hoping I can give you better financial consolation in my next letter."

These letters contain a sufficient acknowledgment and promise to revive the debt. They were written long after the note had become outlawed. They contain no language indicating that the writer intended to claim the benefit of the statute of limitations. They plainly show that he did not. In *Jewell* v. *Jewell's Estate,* 139 Mich. 578, this court held that a letter containing the following statement was sufficient to meet the requirements of the statute:

"I have used the money and I want to turn out my property to make you all right."

In the instant case the trial court was of the opinion that an acknowledgment and new promise to pay had been established by the letters, but held that the plaintiff could not maintain his action because there was nothing in the record to show that the note referred to in the letters was the note sued upon. We think that in so ruling the court was in error.

In 37 C. J. p. 1100, it is remarked, "that on almost every question connected with the statute of limitations, there has been a most embarrassing conflict of judicial opinion;" and that the decisions are "ordinarily without decisive value as authority outside of the jurisdiction in which they have been announced." This is true as to the required sufficiency of a written

acknowledgment to identify the debt sued upon. The decisions are not in harmony. Our attention has not been called to any Michigan case where this question has been considered, and in an independent research we have found none. In 37 C. J., beginning on page 666, there may be found an exhaustive discussion of every question that has arisen in cases involving limitations of actions. On page 1247, § 773, the following rule is stated:

"Where there is an acknowledgment of indebtedness it will be taken to relate to the demand in suit, and, except in some jurisdictions, the burden is on the defendant to show that it relates to another debt either wholly or in part, especially where but one item of indebtedness is in suit."

And in 17 R. C. L. p. 906, it is said:

"Several jurisdictions have also adopted the rule that where it does not affirmatively appear that there is any other debt than that in suit to which a general promise might apply, such promise is *prima facie* sufficient to take the debt out of the statute and the burden is on the defendant to show that it in fact has reference to some other debt."

This rule imposes no hardship on the debtor. If there is more than one debt, it is an easy matter for him to show it. In the instant case the acknowledgment was not general. It referred to a single note. The suit involved but one note. Nothing appeared in the record tending to show any other note or indebtedness. Both parties moved for a directed verdict. The court directed the verdict for the defendant. On this record he should have directed it for the plaintiff.

The judgment is reversed and a new trial granted. The plaintiff will have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.